# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 1010 | **DATE** | 12/4/2003 |
| **CASE TITLE** | USA vs. Robert Hershenhorn | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)    ☐ Local Rule 41.1    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    Sentencing set for 12/4/03 is stricken and re-set to 1/21/04 at 10:30 a.m. For the reasons stated in the attached memorandum opinion, the defendant's motion to withdraw plea of guilty pursuant to Rule 32(e) [43-1, 45-1] is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

✓ No notices required, advised in open court.

☐ No notices required.    number of notices

☐ Notices mailed by judge's staff.

☐ Notified counsel by telephone.    DEC 5 - 2003 date docketed

☐ Docketing to mail notices.

☐ Mail AO 450 form.    docketing deputy initials

☐ Copy to judge/magistrate judge.

MF courtroom deputy's initials

U.S. DISTRICT COURT
CLERK
03 DEC -4 PM 3:15
Date/time received in central Clerk's Office    mailing deputy initials

Document Number: 48

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**DOCKETED**

DEC 5 - 2003

| UNITED STATES OF AMERICA | ) |   |
|---|---|---|
|   | ) |   |
| v. | ) | No: 02 CR 1010 |
|   | ) |   |
| ROBERT HERSHENHORN | ) | Judge John W. Darrah |
|   | ) |   |

## MEMORANDUM OPINION AND ORDER

On July 1, 2003, the Defendant, Robert Hershenhorn, appeared before this Court and pled guilty, pursuant to a written plea agreement, to two counts of bank fraud in violation of 18 U.S.C. § 1344. Subsequently, Hershenhorn filed a Rule 32(e) Motion to Withdraw the Guilty Plea. For the following reasons, that Motion is denied.

## BACKGROUND

Hershenhorn was indicted on a ten-count superseding indictment. Instead of going to trial, Hershenhorn executed a plea agreement with the United States. Paragraph 8b of that agreement stated, "the total potential sentence carried under the counts to which the defendant will plead guilty is 60 years imprisonment." Paragraph 17 of the plea agreement further stated "[a]t the time of sentencing, the parties may recommend whatever sentence each deems appropriate, subject to the limitations of the sentencing guidelines." Finally, paragraph 25 stated that "Defendent acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement."

At the July 1, 2003 plea hearing, after questioning Hershenhorn and his counsel, the

Court found that Hershenhorn was competent to plead guilty. Both the Assistant United States Attorneys prosecuting this case and Hershenhorn's then-counsel, Donald Young, stated that they believed Hershenhorn was competent to enter a plea of guilty.

In response to the Court's questions, Hershenhorn testified, under oath, as follows.

> THE COURT: Mr. Hershenhorn, I have a multi-page document entitled Plea Agreement, and on the last page is a typewritten line. Under the typewritten line is the typewritten words Robert G. Hershenhorn, defendant. Above that is a signature. Is that your signature?
> THE DEFENDANT: Yes.
> THE COURT: Did you sign that?
> THE DEFENDANT: I did this morning.
> THE COURT: Did you read the document before you signed it?
> THE DEFENDANT: I did.
> THE COURT: Did you discuss this with Mr. Young?
> THE DEFENDANT: I did.
> THE COURT: Did Mr. Young answer any questions you had regarding the terms and conditions of this plea agreement?
> THE DEFENDANT: He did.
> THE COURT: Do you understand all the terms and conditions of this plea agreement?
> THE DEFENDANT: I want to say yes.
> THE COURT: Okay. Well, is that suggesting you have some hesitation or some equivocation?
> THE DEFENDANT: Yes, there's no equivocation. When you said do I understand everything, it was sort of – my mind said do I – yes, I understand everything.
> THE COURT: Well, maybe that was a kind of a convoluted way of saying it, but this is a very important document. It outlines the rights that you have. It outlines some preliminary determinations as to what the sentencing guidelines will be. It outlines your relationship and the government's relationship vis-a-vis this plea agreement with the court. Do you understand all of the agreements, all of the terms and conditions of this agreement?
> THE DEFENDANT: I'm going to say absolutely yes.
> THE COURT: Okay. Specifically, do you understand that I'm not bound by any agreement – I should say I'm not bound by the sentencing recommendation made by either you or the government and that if a plea of guilty is entered and accepted you could be sentenced anywhere within the guideline range and anywhere within the statutory provisions even though that sentence disagrees with what was recommended by you and your lawyer?

> THE DEFENDANT: I understand that.
> THE COURT: And do you understand that if that were to occur you could not withdraw your plea agreement?
> THE DEFENDANT: I understand that.
> THE COURT: You'd be bound by the agreement.
> THE DEFENDANT: I understand.
> THE COURT: Mr. Young, from your discussion with Mr. Hershenhorn, do you believe he understands the terms and conditions of the plea agreement?
> MR. YOUNG: Yes, I do, Your Honor.
> THE COURT: Do you have questions at all about the plea agreement now, Mr. Hershenhorn, or is there anything that you'd like to raise insofar as there may be some lingering doubt or slight – even slight question in your mind?
> THE DEFENDANT: No lingering doubt. No questions.

(Tr. at 13-15). The Court then informed Hershenhorn about the possible sentence he could receive under the statutory guidelines.

> THE COURT: Do you understand all that, Mr. Hershenhorn, that upon a plea of guilty you could be sentenced under the statute to a term of imprisonment of 30 years, you could be required to pay a fine in the sum of one million dollars or two times the loss, whichever is greater, that you could be placed on a period of supervision after your release from custody of not less than three nor more than five years, and that in any event you would have to pay a one hundred dollar special assessment as to each of those two counts? Do you understand that's the exposure under the statute.
> THE DEFENDANT: I do.
> MR. KOHLER: Judge, the only thing I would add –
> THE DEFENDANT: 60 years.
> THE COURT: I'm Sorry?
> THE DEFENDANT: It really should be 60 years.

(Tr. at 16-17). After this discussion, the Court questioned Hershenhorn as follows.

> THE COURT: Mr. Hereshenhorn, has anyone caused you – has anyone forced you in any way to plead guilty?
> THE DEFENDANT: No.
> THE COURT: Has anyone threatened you in any regard to cause you to plead guilty?
> THE DEFENDANT: No, Your Honor.
> THE COURT: Apart from the terms and conditions of the plea agreement, have there been any promises made to you to cause you to plead guilty?
> THE DEFENDANT: No.

3

> THE COURT: Is your decision to plead guilty entirely voluntary on your part after discussing this matter with Mr. Young?
> THE DEFENDANT: It is, Your Honor.
> THE COURT: Has Mr. Young or anyone else for that matter made any promises to you other than what we've discussed here in open court today as to what your sentence will be?
> THE DEFENDANT: He has not.
> THE COURT: And do you understand, Mr. Hershenhorn, that the decision to plead guilty must be your decision and your decision alone?
> THE DEFENDANT: I understand that, sir.
> THE COURT: And you understand that it will be my decision as to what the final sentence will be?
> THE DEFENDANT: I understand.

(Tr. at 17-18). Following a summary of the factual bases for Hershenhorn's plea of guilty to Counts I and VI, the Court questioned Hershenhorn about his guilt for those two counts. Hershenhorn then admitted his guilt, and the Court accepted his plea.

## ANALYSIS

A defendant does not have an absolute right to withdraw a guilty plea. *United States v. Pike*, 211 F.3d 385, 388 (7th Cir. 2000) (*"Pike"*). Under Federal Rule of Criminal Procedure 11(d), "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *see also* Fed. R. Crim. P. 32(e). A defendant may withdraw a plea if he can show that it was not entered into knowingly and voluntarily. *United States v. Wallace*, 276 F.3d 360, 366 (7th Cir. 2002). The defendant bears the burden of justifying relief under Rule 11(d). *Pike*, 211 F.3d at 388.

Hershenhorn only argues that his plea should be withdrawn because it was not knowingly entered into. According to Hershenhorn, he was unaware that the Government could request an upward departure from the guidelines range in his plea agreement.

4

However, Hershenhorn signed the plea agreement, which stated that "[a]t the time of sentencing, the parties may recommend whatever sentence each deems appropriate, subject to the limitations of the sentencing guidelines." Those limitations, as outlined in the plea agreement, indicated that Hershenhorn could be imprisoned for up to sixty years. The plea agreement also stated that Hershenhorn read the agreement, carefully reviewed each provision, and that he understood and voluntarily accepted each and every term of the plea agreement.

In addition, at the change of plea hearing, Hershenhorn stated that he: (1) read the plea agreement; (2) discussed the plea agreement with his attorney; and (3) that he understood the terms of the plea agreement. Moreover, after Hershenhorn appeared to equivocate on whether he understood the plea agreement, this Court explained that the plea agreement outlined preliminary determinations as to what the sentencing guideline will be. Hershenhorn then acknowledged that he understood the maximum penalties, that this Court would ultimately determine his sentence, and that his sentence could vary within the statutory guidelines, despite the recommendations presented by both Hershenhorn and the United States. At one point, Hershenhorn even helped to inform the Court of the maximum statutory penalties.

In addition to the foregoing, which clearly shows that Hershenhorn knowingly entered into the plea agreement, it is also noted that Hershenhorn is an attorney. "In considering the circumstances surrounding the plea, the background of the defendant may be considered." *United States v. Loutos*, 01 CR 852-3, 2003 WL 1845308, at * 8 (N.D. Ill. Apr. 3, 2003) (*"Loutos"*) (citing *United State v. Hauptman*, 111 F.3d 48, 51 (7th Cir. 1997)). Attorneys have a substantial level of sophistication and are familiar with courtroom and legal proceedings. *Loutos*, 2003 WL 1845308, at * 8. Here, Hershenhorn was a corporate attorney, and he

understood "the need to carefully read documents that are contractual in nature," such as plea agreements. *Loutos*, 2003 WL 1845308, at * 8.

Under these circumstances, Hershenhorn has failed to show that the plea agreement was not entered into knowingly. He has presented no other arguments to indicate why his guilty plea should be withdrawn. Accordingly, Hershenhorn has no fair and just reason for requesting the withdrawal of the guilty plea.

## CONCLUSION

For the foregoing reasons, Hershenhorn's Motion to Withdraw the Guilty Plea is denied.

Dated: December 4, 2003

JOHN W. DARRAH
United States District Judge